**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN F. ROONEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>SIERRA PACIFIC WINDOWS, a division of Sierra Pacific Industries, a California corporation,<br><br>Defendant - Appellee. | No. 11-17694<br><br>D.C. No. 5:10-cv-00905-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Argued and Submitted October 17, 2013
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and KENDALL, District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Virginia M. Kendall, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Martin Rooney, individually and putatively on behalf of others similarly situated, appeals the district court's order granting judgment on the pleadings to Sierra Pacific Windows ("SPW") on Rooney's claims under the Magnuson-Moss Warranty Act and California's Unfair Competition Law ("UCL"). Rooney also appeals the district court's order denying Rooney's motion for leave to file a second amended complaint. This is a diversity action under 28 U.S.C. § 1332(d)(2) arising out of the purchase and subsequent repair or replacement of windows covered by a written warranty. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rooney argues that SPW failed to provide the SPW Warranty in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq. Specifically, Rooney complains that SPW violated the "Pre-Sale Rule," which requires that sellers of consumer products with written warranties make the text of the warranties readily available to prospective buyers. 16 C.F.R. § 702.3. We disagree. Whether SPW complied with 16 C.F.R. § 702.3 is irrelevant here because Rooney has not suffered an injury-in-fact as result of SPW's failure to provide the SPW Warranty.

At the time of purchase, Rooney understood that the warranty for his windows did not cover water penetration of the window unit. Thus, even if he had pled that the purchased windows were non-tested, Rooney still would not have

2

received coverage under the Terms and Conditions Warranty because his problem with his purchased windows stemmed from water penetration. Nonetheless, Rooney received warranty coverage based on the SPW Warranty.

Rooney is in the same position he would have been in had SPW provided the SPW Warranty at the time of purchase. In fact, the SPW Warranty placed Rooney in a better position than he would have been under the Terms and Conditions Warranty alone, which is the warranty Rooney believed applied to his purchased windows. SPW paid forty percent of the repair or replacement costs under the SPW Warranty whereas SPW did not have to pay anything under the Terms and Conditions Warranty. Consequently, Rooney received more than he bargained for and could not have suffered an injury-in-fact under either the Magnuson-Moss Warranty Act or the UCL. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009) (explaining that plaintiffs could not establish an injury-in-fact when they were not deprived of an agreed-upon benefit). Therefore, we affirm the district court's grant of judgment on the pleadings to SPW.

We also hold that the district court did not abuse its discretion in concluding that Rooney failed to show good cause to modify the district court's scheduling order. Generally, we review a district court's denial of leave to amend for an abuse of discretion. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716,

3

736 (9th Cir. 2013). But we review a district court's denial of leave to amend on grounds of futility de novo. *Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 859 (9th Cir. 2013).

In this case, the district court entered a scheduling order that required Rooney to file any proposed amendments to his complaint by December 2, 2010. Rooney received a document production from SPW on May 3, 2011. This production contained nearly all of the documents Rooney asked for and Rooney had sufficient information to amend the complaint. Yet Rooney waited another three months—until July 21, 2011 to seek leave to file his second amended complaint. This was after SPW filed its motion for judgment on the pleadings. The district court concluded that Rooney was not diligent in seeking leave to file a second amended complaint. This was not an abuse of discretion in view of Rooney's undue delay, the prejudice to SPW, which had already filed a motion for judgment on the pleadings, and futility of the amendment. *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 738 ("This court considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether plaintiff has previously amended his complaint.") (internal quotation marks and citation omitted).

4

With respect to the Magnuson-Moss Warranty Act claim, SPW's alleged technical violation, standing alone, did not cause the harm alleged by Rooney or the members of the putative class. The Magnuson-Moss Warranty Act allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter . . . [to] bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). According to his first amended complaint, both sub-classes "paid money to SPW to have the Window Product(s) repaired or replaced." But SPW's failure to provide the SPW Warranty did not cause this harm. The repair or replacement of windows would have been necessary even if SPW had displayed the warranty at the time of purchase. Consequently, SPW's failure to provide the SPW Warranty to consumers could not have caused the harm alleged. The same is true with respect to the UCL. Consequently, there can be no causal connection between SPW's technical violation of the Magnuson-Moss Warranty Act and the payments made to repair or replace windows. As a result, Rooney lacks standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

And, as the district court correctly noted, Rooney could not amend his complaint to allege harm caused at the time of purchase based on consumers paying for a warranty that SPW did not disclose. Rooney conceded that all of the

consumers purchased their windows more than four years before Rooney filed his initial complaint. Because the statute of limitations for both of Rooney's claims is four years, any such amendment would be time-barred. *See Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1044 (9th Cir. 2012) (explaining that a federal court applies the most closely analogous state statute of limitations when a federal statute contains no express statute of limitations); *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1306 (2009) (providing that an action for breach of warranty under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 et seq., has four-year statute of limitations); Cal. Bus. & Prof. Code § 17208.

**AFFIRMED.**